CHARLES A. LIPPINCOTT et al., complainants-appellants,

*v.*

HARVEY A. SHIVERS et al., defendants-respondents.

[Argued June 26th, 1916. Decided November 20th, 1916.]

Under the facts in this case, *held,* 'that the affidavit to the chattel mortgage is sufficient, but the right of the complainant to maintain his bill must not be understood to be sustained.

---

On appeal from an order of the court of chancery advised by Vice-Chancellor Leaming and reported *ante p. 59.*

*Mr. George B. Evans,* for the appellants.

*Mr. James Mercer Davis,* for the respondents.

The opinion of the court was delivered by

SWAYZE, J.

We agree with the vice-chancellor that the affidavit to the chattel mortgage in this case was sufficient under the rule of *Howell* v. *Stone, 75 N. J. Eq. 289.* It is also good under *Black* v. *Pidgeon, 70 N. J. Law 802.* The order must therefore be affirmed, with costs.

In deciding the case upon this point, we must not be understood as sustaining the right of the complainants to maintain the bill. They are judgment creditors of Harvey A. Shivers. The chattels covered by the mortgage were the property of Joseph C. Shivers, deceased. As there was no administration, and the widow and son of Joseph acted as executors *de son tort,* and Middleton was a creditor of the deceased, it is difficult to see how a good title to the chattels could be conveyed by the executors *de son tort* to one of themselves as against Middleton. Such a conveyance would be in fraud of Middleton's rights. If no title was conveyed to Harvey the complainants could have no lien by virtue of a judgment and execution against him, and without such a lien could not maintain this bill, nor could their rights in equity be superior to the rights of Middleton as a creditor of the decedent.

*For affirmance*—THE CHIEF-JUSTICE, GARRISON, SWAYZE, TRENCHARD, PARKER, BERGEN, MINTURN, KALISCH, BLACK, WHITE, HEPPENHEIMER, WILLIAMS, GARDNER—13.

*For reversal*—None.